IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 121-022 |
| | * | |
| KIJORDAN MARKEL CEASER | * | |

**O R D E R**

Presently before the Court is Defendant's motion for a copy of the transcript from his sentencing proceeding. Defendant did not timely appeal his conviction of October 19, 2021. Instead, Defendant states that he needs the transcript to pursue a collateral attack upon his conviction and sentence under 28 U.S.C. § 2255.

It is well established that an indigent defendant does not have an absolute constitutional right to a free copy of his transcript or other court records for use in a collateral proceeding. Jefferies v. Wainwright, 794 F.2d 1516, 1518 (11th Cir. 1986) ("Denial of a free transcript to an indigent defendant is unconstitutional only where the transcript is valuable to the defense and no functional alternatives exist."); see also United States v. MacCollom, 426 U.S. 317 (1976). Further, 28 U.S.C. § 753 provides that a defendant in a § 2255 proceeding may not receive a free transcript absent a showing that it is necessary to

the resolution of a nonfrivolous claim. Defendant does not have the right to a free transcript simply to search for possible error. Colbert v. Beto, 439 F.2d 1130 (5th Cir. 1971).[1]

Here, Defendant does not have a pending collateral proceeding, and thus, he cannot meet this standard. Moreover, Defendant provides no specific reason for obtaining the transcript other than to search for error. Finally, the Court notes that Defendant waived his right to appeal and to collaterally attack his sentence in his plea agreement except under the limited circumstance of a claim for ineffective assistance of counsel. (Doc. No. 24.)

Upon the foregoing, Defendant's motion to receive a copy of the sentencing transcript (doc. no. 32) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of February, 2023.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).